DACUS, Appellant, vs. FISCHER and wife, Respondents.

*March 8—April 3, 1923.*

*Municipal corporations: Abutting owners: Guards protecting shrubs between sidewalk and curb: Person tripping over guard: Failure of council to enact ordinances: Appeal: Civil court of Milwaukee county: Evidence: Sufficiency.*

1. The circuit court, on appeal from a judgment of the civil court of Milwaukee county, cannot set aside a verdict having the approval of the trial court, where there was sufficient credible evidence to sustain it.

2. It not appearing that the city council of Milwaukee has exercised the power conferred on it by sec. 1, ch. 430, of the Laws of 1887, to prescribe by ordinance for the erection of

guards to protect turf and shrubs on the space between the curb and sidewalk, a further provision therein that any person injured by stepping against any such guard shall be deemed guilty of contributory negligence has no application in an action by a pedestrian against an abutting owner for injury received by tripping over a wire guard in the boulevard which was dangerously near the sidewalk.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Personal injury. This action was begun in the civil court of Milwaukee county to recover damages for injuries alleged to have been sustained by reason of the fact that the plaintiff tripped over a wire hoop placed in the boulevard between the sidewalk and the curb to protect certain shrubs. There was a judgment for the plaintiff in the sum of $1,260. From that judgment the defendants appealed to the circuit court for Milwaukee county. The circuit court for Milwaukee county reversed the judgment of the civil court and ordered a new trial. From the order reversing the judgment of the civil court and granting a new trial the plaintiff appeals.

For the appellant there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *C. Stanley Perry.*

For the respondents the cause was submitted on the brief of *Bohmrich & Gabel* of Milwaukee.

ROSENBERRY, J. It does not appear from the record upon what ground the circuit court reversed the judgment of the civil court. The defendants here attempt to sustain the order of the circuit court upon two grounds: first, that there is no evidence to sustain the finding of the jury to the effect that the plaintiff tripped over the hoop or wicket in question; and second, that the plaintiff was guilty of contributory negligence under the provisions of sec. 1, ch. 430, Laws 1887, which is sub. 65, sec. 3, ch. IV, of the Milwaukee city charter, which, after authorizing the common council of the city of Milwaukee to prescribe by ordinance the erection of guards

to protect the turf and shrubs planted on the space between the curb and the sidewalk and to prescribe a penalty for the tearing down or injury of such guards, further provides:

"And any person who shall hereafter receive any injury by reason of his or her stepping on the said space between the sidewalk and the curb, or by reason of his or her stepping or running against any such guard . . . shall be deemed guilty. of contributory negligence, and shall not recover any damages therefor."

The jury found that the plaintiff tripped over the wicket and that the wicket in question was placed so near the sidewalk as to render the sidewalk dangerous and insufficient for public travel.

Without setting out the evidence in detail, it was ample to sustain the finding of the jury. The verdict had the approval of the trial court, and if there was sufficient credible evidence to sustain the jury's verdict, then the circuit court was clearly in error in setting it aside. While the plaintiff herself was unable to testify as to just exactly what she tripped over, one of her companions did so testify, and it further appears that the wicket in question had. been displaced and there were marks upon the plaintiff's ankle which clearly indicated that it had come in contact with some object which caught her foot at the time she fell.

As to the second proposition, ch. 430 has no application for the reason that it does not appear that the common council of the city of Milwaukee has ever exercised the power conferred upon it by that chapter.

*By the Court.*—The order appealed from is reversed, with directions to the circuit court to enter judgment affirming the judgment of the civil court.